IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | )<br>) CIVIL ACTION NO.<br>) 1:16-cv-104 |
| v. | )<br>) COMPLAINT |
| SAPPYANN, INC. d/b/a<br>YESTERDAY'S PUB & GRILLE, | )<br>) JURY TRIAL DEMAND |
| Defendant. | )<br>)<br>) |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended ("ADA"), and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Aubrey T. Hawkins ("Hawkins") who was adversely affected by such practices. As alleged with greater particularity in paragraphs 11 through 24 below, the Equal Employment Opportunity Commission (the "EEOC" or "Commission") alleges that Sappyann, Inc. d/b/a Yesterday's Pub & Grille ("Defendant"), failed to hire Hawkins because of his disability, in violation of the ADA. Further, as alleged with greater particularity in paragraphs 25 through 26 below, EEOC alleges Defendant failed to post and keep posted required notices and failed to make and preserve records in violation of the ADA.

1

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of North Carolina.

## PARTIES

3. Plaintiff is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, a North Carolina corporation, has continuously been doing business in the state of North Carolina and the city of Sanford, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C.§§ 12111(5), (7).

6. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, Hawkins filed a charge with the Commission alleging violations of the ADA by Defendant.

8. On September 28, 2015, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. On December 19, 2015, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

11. As more fully described below, on or about April 23, 2015, Defendant engaged in unlawful employment practices at its restaurant in Sanford, North Carolina, in violation of Section 102 of Title I of the ADA, 42 U.S.C 42 U.S.C. § 12112.

3

12. In or around 2010, Hawkins contracted the human immunodeficiency virus ("HIV"). Hawkins' physical impairment, HIV, substantially limits the proper function of his immune system. Hawkins takes medication daily to manage his condition.

13. On or about April 22, 2015, Hawkins applied for a position as a server at Defendant's restaurant in Sanford, North Carolina. Hawkins interviewed first with the restaurant's Manager and then separately with the restaurant's Owner.

14. When Hawkins interviewed with the Owner, the Owner reviewed Hawkins' resume which noted Hawkins' service in the U.S. military and medical discharge. The Owner asked Hawkins why he had been discharged from the military. Hawkins informed the Owner that he had been medically discharged due to an immunodeficiency.

15. At the conclusion of the interview, the Owner told Hawkins that the Manager would get everything set up so that Hawkins could start work as a server. Shortly thereafter that same day, April 22, Defendant's Manager gave Hawkins personnel paperwork, and instructed Hawkins to complete and return the paperwork the next day. In addition, the Manager also gave Hawkins a schedule of days and times that he was to report for work, and instructed Hawkins to begin work the next day, on or about April 23.

16. The next day, on or about April 23, 2015, Hawkins received a text message from Defendant's Manager, instructing him to come to the restaurant to meet with the Owner prior to the time Hawkins was scheduled to begin work. During the meeting, the Owner asked Hawkins to provide more details about his immunodeficiency. In response, Hawkins told the Owner that he has HIV.

4

17. The Owner withdrew Hawkins' job offer, stating he had done research and did not think it was safe for Hawkins to work at the restaurant because Hawkins has HIV. Hawkins told the Owner that the Owner was misinformed and stated that he would do some research and provide it to the Owner.

18. In or around April 2015, Hawkins mailed the Owner information, noting that it was safe for persons living with HIV to work in the food industry. When the mailing was returned to Hawkins unclaimed, Hawkins hand delivered the same information to the Manager at Defendant's restaurant.

19. Defendant did not hire Hawkins for the server position.

20. Hawkins is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8).

21. Defendant failed to hire Hawkins as a server because he has HIV in violation of the ADA.

22. The effect of the practices complained of above has been to deprive Hawkins of equal employment opportunities and otherwise adversely affect Hawkins' status as an applicant because of his disability.

23. The unlawful employment practices complained of above were intentional.

24. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Hawkins.

25. Since at least on or about August 27, 2015, Defendant has failed, in violation of Section 105 of the ADA, 42 U.S.C. § 12115, which incorporates by reference

5

Section 711(a) of Title VII, 42 U.S.C. § 2000e-10(a), to post and keep posted notices which have been prepared or approved by the Commission setting forth excerpts from or summaries of the pertinent provisions of the ADA and information pertinent to the filing of a charge or complaint. Specifically, during an EEOC onsite tour of Defendant's restaurant on or about August 27, 2015, Defendant did not have a current "Equal Employment Opportunity is the Law" poster or other posting compliant with the ADA.

26. Since at least on or about August 27, 2015, Defendant has failed, in violation of Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c), to make and preserve records relevant to the determination of whether unlawful employment practices have been or are being committed. Specifically, pursuant to 29 C.F.R. § 1602.14: "any personnel or employment record made or kept by an employer … shall be preserved by the employer for a period of one year from the date of the making of the record or the personnel action involved, whichever occurs later." During an EEOC onsite tour of Defendant's restaurant on or about August 27, 2015, Defendant was unable to locate or provide EEOC with a copy of Hawkins' application for employment which was given to Defendant less than one (1) year prior to August 27, 2015.

### PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it,

from discriminating against individuals because of their disabilities, including discrimination in hiring, firing, failing to provide reasonable accommodation to qualified individuals with disabilities, and any other employment practice which discriminates on the basis of disability.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Hawkins, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to rightful-place hiring and front pay.

D. Order Defendant to make whole Hawkins by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

E. Order Defendant to make whole Hawkins by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including emotional pain, suffering, inconvenience, humiliation, loss of enjoyment of life, loss of civil rights, and other non-pecuniary losses, in amounts to be determined at trial.

F. Order Defendant to pay Hawkins punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

G. Order Defendant to post and keep posted the notices required by Section 105 of the ADA, 42 U.S.C. § 12115, which incorporates by reference Section 711(a) of Title VII, 42 U.S.C. § 2000e-10(a).

H. Order Defendant to make and preserve all records relevant to the determination of whether unlawful employment practices have been or are being committed, in accordance with Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c).

I. Grant such further relief as the Court deems necessary and proper in the public interest.

J. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted this the 11th day of February, 2016.

        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION

        P. DAVID LOPEZ
        General Counsel

        JAMES L. LEE
        Deputy General Counsel

        GWENDOLYN YOUNG REAMS
        Associate General Counsel
        Equal Employment Opportunity Commission
        131 M Street, NE
        Washington, D.C. 20507

8

Case 1:16-cv-00104-TDS-JEP    Document 1    Filed 02/11/16    Page 8 of 9

**/s/ Lynette A. Barnes**
LYNETTE A. BARNES (N.C. Bar No. 19732)
Regional Attorney

YLDA KOPKA
Supervisory Trial Attorney

**/s/ Darryl L. Edwards**
DARRYL L. EDWARDS
Trial Attorney (PA Bar ID#205906)
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, NC 28202
Telephone: (704) 954-6467
Facsimile: (704) 954-6412
E-mail: darryl.edwards@eeoc.gov

**ATTORNEYS FOR PLAINTIFF**

9